Melissa Newel (CA 148563)
NEWEL LAW
2625 Alcatraz Ave., Suite 132
Berkeley, CA  94705
(510) 316-3827
mnewel@newellawfirm.com
Attorney for Plaintiff
JANEL RAYANN QUIST

PHILLIP A. TALBERT
United States Attorney
MATHEW W. PILE
Associate General Counsel
Office of Program Litigation, Office 7
Social Security Administration
JULIE A.K. CUMMINGS (HI 10635)
Special Assistant United States Attorney
6401 Security Boulevard
Baltimore, MD 21235
(410) 966-1551
julie.cummings@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANEL RAYANN QUIST,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No.  1:23-CV-00548-SKO<br><br>**STIPULATION AND UNOPPOSED MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT; ORDER**<br><br>**(Doc. 26)** |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned attorneys, subject to the approval of the Court, that Janel Rayann Quist ("Plaintiff") be awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 (d), in the amount of seven thousand and eighty-nine dollars and eighteen cents ($7,089.18). This represents compensation for legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §2412 (d).

After the Court issues an Order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the attorney fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the Order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt subject to offset, then the government shall cause the payment of fees approved to be made payable to Melissa Newel or Newel Law (collectively "Plaintiff's counsel"), pursuant to the assignment executed by Plaintiff. Any and all payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. §406(b), subject to the savings clause provisions of the EAJA.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: January 9, 2024 | NEWEL LAW |
|   | By: *Melissa Newel* <br> Melissa Newel <br> Attorney for Plaintiff <br> JANEL RAYANN QUIST |
| Dated: January 9, 2024 | PHILLIP A. TALBERT <br> United States Attorney <br> MATHEW W. PILE <br> Associate General Counsel <br> Social Security Administration |
|   | By: <u>Julie A. K. Cummings</u>* <br> JULIE A.K. CUMMINGS <br> (**Authorized by email dated 1/9/2024*) <br> Special Assistant U.S. Attorney <br> Attorneys for Defendant |

## ORDER

Based upon the parties' foregoing Stipulation and Unopposed Motion for the Award and Payment of Equal Access to Justice Act Fees and Expenses (the "Stipulation") (Doc. 26), IT IS ORDERED that fees and expenses in the amount of **seven thousand and eighty-nine dollars and eighteen cents ($7,089.18)** be awarded subject to the terms of the Stipulation as authorized by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **January 10, 2024**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE